Amanda F. Benedict, SBN 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Tel:  (760) 822-1911
Fax:  (760) 452-7560
amanda@amandabenedict.com

Attorneys for Plaintiff, LEILA BAIRD

# UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF CALIFORNIA
### EUREKA DIVISION

| | |
|---|---|
| **LEILA BAIRD**, on behalf of herself and all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

Plaintiff, Leila Baird ("Plaintiff"), hereby alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant Midland Credit Management, Inc.'s violations of the Fair Debt Collections Practices Act, 15 USC § 1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. (hereinafter "RFDCPA").

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

## INTRADISTRICT ASSIGNMENT

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff Leila Baird (hereinafter "Plaintiff" or "Baird") is a natural person, who at all relevant times has resided in Eureka, California. Plaintiff is both a natural person and a consumer.

5. Defendant Midland Credit Management, Inc. (hereinafter "Defendant" or "Midland") is a corporation doing business in the State of California, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On or about August 15, 2018, Defendant sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $754.63, for a personal credit card bill from Credit One Bank, N.A.

7. Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8. Exhibit A is false, deceptive, and misleading given Defendant's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

9. The collection letter states the following:

Leila Baird, mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance. Call (800) 321-3809 or visit us online at MCMPay.com by 09-14-2018 to accept one of these discounts.

1    10.    To the right of this language, Defendant provides Plaintiff with three
2 options for payment:
3        a.    Option 1
4            i.    40% off
5        b.    Option 2
6            i.    20% off
7        c.    Option 3
8            i.    Monthly payments as low as $50 a month
9    11.    The above language provided by Defendant concerning Option 3 is
10 ambiguous as to whether this is a third settlement option or a path to full payment.
11 Option 3 on its own appears to be a path to full payment, but after reading the
12 statement that all three are discount options, the consumer would reasonably believe
13 that the item is a discount.
14    12.    This ambiguity is material because it directly affects the consumer's
15 choice to pay the debt.
16    13.    Further, along the top, the letter conspicuously discloses the original and
17 current creditors clearly. Below this, the letter states "We can't change the past, but
18 we can help with your future."
19    14.    This language clearly implies that by making payment on the debt in
20 question Plaintiff's future will benefit. Upon information and belief, Defendant does
21 not intend any benefit by this statement other than refraining from demanding
22 immediate payment. However, this is not what the consumer understands after
23 reading this language.
24    15.    A reasonable consumer would understand this phrase in one of two
25 ways: 1) that by reporting the payment to the credit reporting agencies, it will
26

improve Plaintiff's credit score or credit worthiness, or 2) by making a positive reporting to the original creditor, it will help in future lending decisions.

16. Assuming the consumer believes that Defendant will report the payment to the credit reporting agencies, and therefore the payment will improve the consumer's future by resulting in a greater credit score, Defendant's statement is false.

17. For a collection account, where a consumer pays the account, regardless of whether the consumer pays the account in full, or for less than the full balance, the consumer's credit score will decrease!

18. Assuming the consumer believes that the payment will be reported to the original creditor, conspicuously disclosed, upon information and belief, this is also false.

19. Defendant's false statements are material as they directly affect whether a consumer would pay the debt.

## CLASS ACTION ALLEGATIONS

**The Class**

20. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

21. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) All consumers with a California address; (b) for which Defendant sent a collection letter substantially similar to Exhibit A; (c) concerning debts for Credit One Bank, N.A., used primarily for personal, household or family purposes; (d)

during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

22. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

**Numerosity**

23. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of California, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

25. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant' records.

Common Questions of Law and Fact

26. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula

to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

27. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

Protecting the Interests of the Class Members

28. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

29. Neither the Plaintiff nor Plaintiff's counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

Proceeding Via Class Action is Superior and Advisable

30. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

31. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

32. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

33. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the

1  FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA
2  would be merely incidental to that determination.

3      34. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

36. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

37. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

38. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

///

///

///

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

39. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

40. Defendant's Collection Letter is false, deceptive, and misleading, and violates the below provisions of the FDCPA.

41. Section 1692e provides:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

## CALIFORNIA CIVIL CODE §§ 1788.17

42. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

43. Defendant has engaged in conduct against Plaintiff in violation of 15 USC § 1692e(10).

44. The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the

provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

45. Accordingly, Defendant's conduct violates the Rosenthal Act.

46. Defendant's actions were knowing and willful.

47. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff seeks statutory damages, costs, interest, attorney's fees, and such other and further relief as may be just and proper.

WHEREFORE, Plaintiff, Leila Baird, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA and RFDCPA, for Plaintiff and each member of the class;

C. Enter judgment for injunctive relief stopping Defendant from using letters similar to that received by named Plaintiff;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:  July 10, 2019                     Respectfully Submitted,

                                          LAW OFFICE OF AMANDA BENEDICT

                                          */S/ Amanda F. Benedict, Esq.*

                                          Amanda F. Benedict, Esq.
                                          Attorney for Plaintiff, LEILA BAIRD